

# Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00552-CV

Sheila **OLBREI** and Richard Olbrei,
Appellants

v.

Victoria **COMAN** aka Victoria Lemay aka Victoria Lane,
Appellee

From the County Court at Law No 1, Guadalupe County, Texas
Trial Court No. 2018CV0196
Honorable Robin V. Dwyer, Judge Presiding

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
             Karen Angelini, Justice
             Marialyn Barnard, Justice

Delivered and Filed:  October 31, 2018

VACATED

Appellant Victoria Coman aka Victoria Lemay aka Victoria Lane ("Coman") appeals the trial court's judgment in a forcible detainer action granting Appellees Sheila Olbrei and Richard Olbrei (jointly, "Olbrei") possession of a residential property located at 3438 Northern Heights in Schertz, Texas. Because this appeal is moot, we vacate the judgment.

**Background**

On May 16, 2018, Olbrei initiated this forcible detainer suit in the justice court against Coman and Michael Lemay ("Lemay"). After the justice court entered final judgment of eviction on June 5, 2018, Coman appealed to the trial court.

A trial was held on August 1, 2018, at which Coman initially appeared with counsel, who withdrew, and then proceeded pro se. After hearing the evidence, the trial court signed a final judgment for forcible eviction and detainer, finding Coman and Lemay were guilty of forcible detainer and Olbrei was entitled to a writ of possession "due to nonpayment of rent into the registry." The trial court set the supersedeas bond at $5,000.

A writ of possession issued, and the constable's return reflects that the writ of possession was executed on August 9, 2018. The clerk's record does not reflect that Coman posted a supersedeas bond. Coman timely filed a notice of appeal from the trial court's judgment.

On October 4, 2018, this court entered an order stating, in part:

> Because the clerk's record reflects that [Coman] is no longer in possession of the subject premises and did not file a supersedeas bond, [Coman] is ORDERED to show cause in writing within fifteen days of the date of this order that she has "a potentially meritorious claim of right to *current, actual possession*" of the subject premises and this appeal, therefore, is not moot.

(emphasis in original). On October 22, 2018, Coman filed a response to the order to show cause, stating, in part:

> Appellant Victoria Coman appealed because she has never leased or rented the property at 3438 Northern Heights Schertz, TX 78108. Victoria Coman's brother Joseph Russell was buying the home 3438 Northern Heights Schertz from the Olbrei's, Olbrei's owner financing the property to Joseph Russell for him + his family, sister Victoria Coman.

In her cover letter enclosing the response, Coman stated her brother Joseph Russell "died from a tragic brain trauma injury from a fall at work."

**Discussion**

A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Judgment of possession in a forcible detainer action is a determination of the right to immediate possession. *Id.* When a tenant is no longer in possession of the property and has not superseded the judgment of possession, her appeal is moot unless: (1) she timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile. *Id.* Appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to *current, actual possession*" of the property. *Id.* (emphasis added). When a tenant's lease has expired and she identifies no basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession. *Id.*

In this case, Coman did not post a supersedeas bond and was removed from the subject property on August 9, 2018. Although Coman timely and clearly expressed her intent to appeal by filing a notice of appeal in the trial court, any appellate relief regarding the right to current possession is futile. In her response to this court's order to show cause, Coman stated she never leased or rented the subject property and did not identify any other basis for claiming a right to current, actual possession of the property. Therefore, this appeal is moot, and we must vacate the trial court's judgment. *See id.* at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded."); *accord Devilbiss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2 (Tex. App.—San Antonio May 30, 2018, no pet. h.) (mem. op.) ("[B]ecause the issue of possession is moot, we must vacate the trial court's judgment of possession.").

## Conclusion

Because this appeal is moot, the trial court's judgment is vacated.

PER CURIAM